09-3236-ag
Dyachuk v. Holder

BIA
Gordon-Uruakpa, IJ
A099 683 633

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of June, two thousand ten.

PRESENT:
        JON O. NEWMAN,
        ROBERT D. SACK,
        REENA RAGGI,
           *Circuit Judges.*

_____

NATALIYA DYACHUK,
        *Petitioner*,

        v.                      09-3236-ag
                                  NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:      H. Raymond Fasano, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Trish Maskew, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Nataliya Dyachuk, a native of the Soviet Union and citizen of Ukraine, seeks review of a June 29, 2009 order of the BIA, affirming the June 7, 2007 decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nataliya Dyachuk*, No. A099 683 633 (B.I.A. June 29, 2009), *aff'g* No. A099 683 633 (Immig. Ct. N.Y. City June 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's adverse

2

credibility determination: (1) although Dyachuk testified that the university she attended was not affiliated with the Seventh Day Adventist Church, the Government submitted evidence to the contrary; (2) although Dyachuk testified that she was the only person at her university who practiced Seventh Day Adventism, the evidence she submitted stated that many children from Adventist families studied at that school; and (3) although Dyachuk submitted evidence stating that she was beaten many times by students, her testimony and asylum application indicated that she was beaten only once by students. Because the discrepancies were based on specific examples in the record, the agency was entitled to rely on the cumulative effect of these discrepancies to find Dyachuk not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Additionally, because the agency found Dyachuk not credible, it was proper under the provisions of the REAL ID Act for the IJ to rely on the absence of available evidence, which may have corroborated her claim. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). While Dyachuk asserts that corroborating evidence from the hospital was not reasonably

3

available, the IJ was not required to first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to her before relying on a lack of corroboration to support the adverse credibility finding. *See Xian Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Finally, the IJ reasonably relied on the absence of any objective documentary evidence in rejecting Dyachuk's claim of a well-founded fear of future persecution. Indeed, the IJ properly noted that the 2006 State Department International Religious Freedom Report states that the government sought at all levels to protect the right of freedom of religion.

Accordingly, considering the totality of the circumstances, the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the only evidence of persecution or a threat to Dyachuk's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for both asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Furthermore, because Dyachuk failed to challenge the IJ's denial of her CAT claim either before the BIA or this Court, we deem any such argument abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk